UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANKLIN ADAIR,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA NAKKEN, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00578-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT, GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING HIS FIRST AS MOOT<br><br>ECF Nos. 1, 4, & 7 |

Plaintiff, a state prisoner, brings this action against several defendants at High Desert State Prison. ECF No. 1. He has joined multiple, unrelated claims against more than one defendant, however, in violation of the Federal Rules of Civil Procedure. Accordingly, I will give him leave to amend. I will also grant his second application to proceed *in forma pauperis*, ECF No. 7, and deny his first, ECF No. 4, as moot.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20     **II.**    **Analysis**

21      Plaintiff's complaint is best described as a scattershot collection of different claims and
22 grievances against multiple defendants. He alleges, for instance, that, in retaliation for reporting
23 staff misconduct, defendant Nakken called him a racial epithet and urged yard staff to "stalk and
24 retaliate" against him. ECF No. 1 at 4. Elsewhere, he alleges that defendant Turner sexually
25 assaulted him and attempted to have him punished "because of [his] sex crime charges." *Id.* He
26 also alleges—and I cannot tell whether this claim is related to the other two—that defendant Judy
27 has followed him and made unprofessional, sexual advances towards him. *Id.* at 6. Finally, he
28 alleges that defendant Villalobos has attempted to bribe him into dropping grievances against

1   other officers. *Id.* at 5.  Plaintiff presumably refused this offer because he also alleges that

2   defendant Walters attempted to plant illegal contraband in his cell in retaliation for reporting

3   Villalobos' bribery attempt. *Id.* at 6.  These claims do not appear sufficiently related and cannot

4   proceed against multiple defendants.  Plaintiff must amend his complaint to include only related

5   claims.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus

6   multiple claims against a single party are fine, but Claim A against Defendant 1 should not be

7   joined with unrelated Claim B against Defendant 2.").

8         Plaintiff is advised that the amended complaint will supersede the current complaint.  *See*

9   *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended

10  complaint should be titled "Amended Complaint" and refer to the appropriate case number.

11        Finally, I note that, at the bottom of his complaint, plaintiff has requested appointment of

12  counsel because he cannot afford to retain one.  ECF No. 1 at 7.  He is advised that he has no

13  right to counsel in this civil action.  I may, in certain instances, request the voluntary assistance of

14  counsel.  *See 28* U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person

15  unable to afford counsel.").  However, without a means to compensate counsel, I will seek

16  volunteer counsel only in exceptional circumstances.  In determining whether such circumstances

17  exist, "the district court must evaluate both the likelihood of success on the merits [and] the

18  ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

19  involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotation marks and

20  citations omitted).  I cannot conclude that exceptional circumstances requiring the appointment of

21  counsel are present here.  The allegations in the complaint are not exceptionally complicated.

22  Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

23        I may revisit this issue at a later stage of the proceedings if the interests of justice so

24  require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation

25  of the circumstances that he believes justify appointment of counsel in this case.

26        Accordingly, it is ORDERED that:

27        1. Within thirty days from the service of this order, plaintiff must file an amended

28  complaint that complies with this order.  If he fails to do so, I will recommend that claims and

parties be dropped so that only related claims remain.

    2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

    3. Plaintiff's second application to proceed *in forma pauperis*, ECF No. 7, is GRANTED, and his first, ECF No. 4, is DENIED as moot.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE