UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANKLIN ADAIR, | Case No. 2:24-cv-0578-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JOSHUA NAKKEN, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action against several defendants at High Desert State Prison. ECF No. 11. As in his original complaint, ECF Nos. 1 & 8, he persists in joining multiple, unrelated claims against more than one defendant in violation of the Federal Rules of Civil Procedure. I will grant him another opportunity to amend. If he does not, or if the new amended complaint suffers from the same deficiency, then I will drop parties so that only related claims remain.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).
13       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20     **II.**    **Analysis**
21       The complaint contains at least three separate claims.  First, plaintiff alleges that he filed a
22 prison grievance against defendants Nakken and Villalobos after they called him a racial epithet.
23 ECF No. 11 at 4.  In retaliation, he alleges that the officers enlisted defendant Urrutia to sexually
24 harass him.  *Id.*
25       Second, plaintiff alleges that defendants Walters planted contraband in his cell as
26 retaliation for a grievance that he filed against her.  *Id.*  This grievance does not appear related to
27 the one he filed against Nakken and Villalobos.
28       Third, plaintiff alleges that defendant Amber Turner sexually assaulted him on an

unspecified date. *Id.* at 5. He claims that, afterwards, she enlisted other unnamed staff to harass him. *Id.* I can discern no connection between this claim and the others.

Finally, he raises a broader claim that every named defendant worked together and committed "countless" instances of misconduct against him. *Id.* at 6. He claims that they lied to other inmates in an attempt to have him harmed and that, on March 16, 2024, they attempted to have him raped and murdered. *Id.* Plaintiff offers no specific allegations to undergird these claims, nor does he explain how each defendant was personally involved. Listing names of defendants and alleging that all of them were involved in alleged misconduct is not sufficient to put them on notice.

Plaintiff should amend his complaint to include only related claims. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

If plaintiff chooses not to amend, I will drop parties so that only related claims remain, and direct service based thereon.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that claims and parties be dropped so that only related claims remain.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated: November 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3