UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANKLIN ADAIR, | Case No. 2:24-cv-0578-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| JOSHUA NAKKEN, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action against several defendants at High Desert State Prison. ECF No. 11. As in his original complaint, ECF Nos. 1, he has joined multiple, unrelated claims against more than one defendant in violation of the Federal Rules of Civil Procedure.

I granted plaintiff an opportunity to amend his original complaint, ECF No. 8, but his first amended complaint suffered from the same defects. *See* ECF Nos. 11, 12. I again granted plaintiff an opportunity to amend his complaint, explaining that if the next amended complaint had the same deficiency, I would drop parties so that only related claims remained. ECF No. 12. I gave plaintiff thirty days from the issuance of that order to file his second amended complaint. *Id.* However, by March 2025 the court had yet to receive a second amended complaint. ECF No. 13. I ordered plaintiff to show cause as to why the case should not be dismissed for failure to prosecute and to comply with court orders. *Id.* I instructed plaintiff that if he wished to continue with the lawsuit, he needed to file his second amended complaint or a notice of intent to proceed

1

only with certain claims. *Id.*

Instead of filing a second amended complaint, plaintiff informed the court that he believes his claims are connected, and that "the truth will come out." ECF No. 14 at 1-3. He states that he does not "care about the lawsuit," and just wants justice in the form of criminal charges against defendants. *Id.* at 3-4.

In light of plaintiff's response, I recommend dismissal of the complaint without leave to amend. As I explained to plaintiff in my prior orders, claims in a complaint must be related to one another. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). While this issue alone might justify dismissing plaintiff's complaint with leave to amend, further analysis has convinced me that dismissal without leave to amend is appropriate. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted). Plaintiff's continued insistence on bringing these unrelated claims in a single suit demonstrates that giving plaintiff an opportunity to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (noting that, while dismissal should typically be with leave to amend, a court may dismiss without leave to amend where amendment would be futile). He also requests relief that this court cannot grant—criminal charges against the defendants named in his suit. As such, it does not appear that allowing plaintiff an opportunity to amend would be fruitful, and dismissal of the complaint without leave to amend would be appropriate.

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district court judge to this action.

Further, it is RECOMMENDED that plaintiff's first amended complaint, ECF No. 11, be DISMISSED without leave to amend and the Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE